**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**CHRISTOPHER K. CHRISTOPHEL**                                    **PETITIONER**
**Reg. #14759-025**

**V.**                          **No.  2:25-cv-00213-BSM-ERE**

**C. HUMPHREY, WARDEN**                                             **RESPONDENT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

On October 27, 2025, Bureau of Prisons ("BOP") inmate Christopher Christophel[1] initiated this case by filing an "Emergency Motion for Relief Pursuant to 28 U.S.C. § 2241" (*Doc. 1*), which I construed as a § 2241  petition for writ of

---

[1] In 2022, a jury in the United States District Court for the Southern District of Illinois convicted Mr. Christophel of attempted enticement of a minor. *Doc. 7-1.* He was sentenced to 120 months in the BOP, followed by five years' supervised release. *Id.* Mr. Christophel's projected release date, the estimated date he will finish his federal sentence, is January 22, 2028. *Doc. 1 at 47.*

habeas corpus. He asserts that the BOP has miscalculated his First Step Act ("FSA") earned time credits ("ETCs").

The FSA includes an incentive-based program that allows prisoners to obtain ETCs for successful participation in programs and activities aimed at reducing recidivism. 18 U.S.C. § 3632(d)(4)(A). For eligible inmates, ETCs apply toward earlier placement in prerelease custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4)(C). Mr. Christophel asserts that the BOP miscalculated his FSA conditional placement date, the estimated date he will be eligible for prerelease custody, by failing to include ETCs he is projected to earn during his time in prerelease custody. The BOP calculates that Mr. Christophel's conditional placement date is March 18, 2027 (*Doc. 1 at 45*), but he asserts the correct date (which takes into account projected, prerelease ETCs) is March 23, 2026. *Id. at 20*. For relief, he asks the Court to order the BOP to recalculate his FSA conditional placement date using a method that reflects ETCs he is projected to earn in prerelease custody. *Id. at 21*.

On December 20, 2025, Respondent filed a response asserting alternate grounds for dismissing the petition: lack of subject matter jurisdiction, failure to exhaust administrative remedies, and lack of merit. *Doc. 7*.

On February 3, 2026, Mr. Christophel filed a reply, addressing Respondent's arguments for dismissal. *Doc. 11*.

On February 19, 2026, Mr. Christophel filed a motion asking the Court to consider a "newly discovered" document attached to his motion, and on February 23, he filed a motion asking the Court to issue a "show cause order," directing Respondent to explain the purpose of the "newly discovered" document. *Docs. 13, 14.*

For reasons that follow, the petition should be dismissed for lack of federal habeas jurisdiction.

## II.   Discussion

### A.   No Federal Habeas Jurisdiction

The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his . . . custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Id*. In determining whether a prisoner is attacking the legality or duration of his custody, "[i]t is the substance of the relief sought which counts." *Id*. at 1073.

Here, Mr. Christophel asks the Court to order the BOP to give him credit for ETCs that he is projected to earn during his prerelease custody. It is undisputed that the BOP previously applied 365 days of ETCs, the maximum permitted, toward Mr.

3

Christophel's transfer to supervised release, which shortened his sentence and moved his projected release date from January 21, 2029 to January 22, 2028.[2] Any remaining ETCs Mr. Christophel has earned or is projected to earn could only apply toward his placement in prerelease custody.

Prerelease custody occurs at the latter stages of a sentence when a prisoner prepares for reintegration to society and includes home confinement or placement in a residential reentry center, also known as a community correctional facility. In contrast to earlier transfer to supervised release, which shortens time in custody, earlier placement in prerelease custody changes only the *place* where a sentence is served; *it does not alter the fact or duration of imprisonment*. See *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (treating placement in home confinement as changing an inmate's "place of imprisonment"); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (noting the BOP's agreement that community correctional facilities are places of imprisonment); 18 U.S.C. § 3624(c) (stating that the Director of the BOP shall, to the extent practicable, ensure that a prisoner serve a portion of the final months of his "term of imprisonment" in prerelease custody under

---

[2] *Doc. 1 at 46*. Supervised release, a form of post-prison supervision, occurs after a prisoner serves his or her federal sentence. The FSA provides that the BOP may transfer an eligible prisoner to begin a term of supervised release at an earlier date, not to exceed 12 months, based on the application of ETCs. 18 U.S.C. § 3624(g)(3).

conditions that afford reasonable opportunity to adjust and prepare for reentry into the community).

If granted, the relief sought by Mr. Christophel would possibly impact the projected date of his eligibility for placement in prerelease custody, but it will *not* affect the duration of his custody. Accordingly, the Court lacks jurisdiction over his petition.

### B. No Viable Conditions of Confinement Claim

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014). To the extent that Mr. Christophel challenges the conditions of his confinement by attacking the place of his confinement, he fails to raise a potentially viable claim.

First, prisoners have no protected liberty interest in assignment to a particular place of confinement. See *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)); see also *Staszak v. Romine*, 221 F.3d 1344 (8th Cir. 2000) (unpublished opinion) (holding that placement in a halfway house and participation in a work release program did not provide "the sort of substantial freedom that gives rise to a liberty interest inherent in the Due Process Clause"). Second, Mr. Christophel alleges no facts indicating that the BOP's

5

computation of his FSA conditional placement date was made for invidious or retaliatory reasons or under other circumstances that give rise to a constitutional violation.

Mr. Christophel fails to raise a potentially viable claim challenging his conditions of his confinement.  Accordingly, if this action were converted to one seeking relief for unlawful conditions of confinement, his pleading would be subject to dismissal upon screening. *See* 28 U.S.C. § 1915A (requiring (1) screening of a civil complaint where "a prisoner seeks redress from a governmental entity or officer" and (2) dismissal of any portion of a complaint that is frivolous, malicious, or fails to state a claim on which relief can be granted).

## III.   Conclusion

IT IS THEREFORE RECOMMENDED:

(1) that Christopher Christophel's  petition for a writ of habeas corpus (*Doc. 1*) be DISMISSED, WITHOUT PREJDUICE, for lack of subject matter jurisdiction;

(2) that the Court dismiss this action without providing Mr. Christophel with the option of converting his habeas petition to a complaint challenging his conditions of confinement; and

(3) that Mr. Christophel's motion to include newly discovered evidence (*Doc. 13*) and motion for order (*Doc. 14*) be DENIED AS MOOT.[3]

Dated 27 February 2026.

_____

UNITED STATES MAGISTRATE JUDGE

---

[3] Mr. Christophel's newly discovered evidence consists of what he describes as a second FSA time computation that includes projected ETCs "recorded in a matter affecting a prisoner's FSA Conditional Placement Date." *Doc. 13 at 2*. Mr. Christophel asks the Court to order Respondent to explain, among other things, the purpose of the second computation. The newly discovered evidence does not change the fact that federal habeas jurisdiction is lacking.